IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MISTER SOFTEE, INC.<br>901 E. Clements Bridge Rd.<br>Runnemede, NJ 08078,<br><br>MISTER SOFTEE OF QUEENS, INC.<br>215-04 Hempstead Avenue<br>Queens Village, NY 11429,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DIMITRIOS KONSTANTAKAKOS<br>3437 11th Street<br>Long Island City, NY 11106,<br><br>3 DDD ICE INC.<br>3437 11th Street<br>Long Island City, NY 11106,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>COMPLAINT |

## CIVIL ACTION - Complaint

### INTRODUCTION

1. Mister Softee, Inc. ("MSI") and Mister Softee of Queens, Inc. ("MSQ") (MSI and MSQ are collectively referred to as "Mister Softee") bring this action against Dimitrios Konstantakakos and 3 DDD Ice Inc. because they are infringing on Mister Softee's trademark rights by operating an ice cream truck throughout Brooklyn using Mister Softee's trademark jingle. Mister Softee also brings this action to protect the goodwill associated with its trademarks, and to protect Mister Softee's franchisees that are being harmed as a result of the Defendants' unauthorized use of Mister Softee's trademarks.

The Defendants even appeared on a Gothamist video, playing Mister Softee's famous jingle as it cruised through New York City selling ice cream products. The video posted on Gothamist's website on July 29, 2015, which included a video interview with a driver of a "New York Ice Cream" truck with the license plate: 69640ME (the "Infringing Truck"). The interview discusses the jingle played by the truck as it attracts customers. The jingle being used by Defendants on the Infringing Truck is the Mister Softee jingle, and Mister Softee owns a federal trademark registration for the jingle as a sensory mark on the principal register at the United States Trademark and Patent Office at Registration No. 2218017. The truck

in the video is registered to 3 DDD Ice Inc. which is an entity solely owned by the Defendant Dimitrios Konstantakakos.

Furthermore, Defendants, by infringing Mister Softee's trademark, are unfairly competing with Mister Softee's franchisees, all of whom paid and continue to pay royalty fees for the right to use Mister Softee's trademarks.

## THE PARTIES

2. Plaintiff MSI is a New Jersey corporation with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey 08078. Mister Softee owns various trademarks including the trademark "Mister Softee," the Mister Softee jingle, and the trade dress comprising the distinctive look of the Mister Softee mobile soft ice cream truck.

3. Plaintiff MSQ is a New York corporation with a principal place of business at 215-04 Hempstead Avenue, Queens Village, New York, 11429. MSQ is a sub-franchisor of Mister Softee, and has the exclusive right to sell Mister Softee franchises in a designated region. MSI granted MSQ the right to use, and license others the right to use, the Mister Softee trademarks and trade dress in conjunction with the offering and sale of franchises in certain areas in New York City, including Queens, New York and Long Island, New York.

4. Defendant 3 DDD Ice Inc. is a New York corporation with a business address of 34-37 11th Street, Long Island City, New York, 11106.

5. Defendant Dimitrios Konstantakakos is an adult individual with a business address of 34-37 11th Street, Long Island City, New York, 11106.

6. Defendants operate their trucks from a depot located at 34-37 11th Street, Long Island City, New York, 11106 (the "Infringer's Depot") and sell ice cream products and other frozen confections to retail customers in Brooklyn.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that Plaintiffs' claims against Defendants are based upon trademark infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## THE MISTER SOFTEE SYSTEM

9. MSI is a family owned and operated business that has been in operation since 1956. Mister Softee is the franchisor of Mister Softee mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

10. Mister Softee franchisees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products, management programs, standards, specifications, proprietary marks and information.

## MISTER SOFTEE'S TRADEMARKS AND TRADE DRESS

11. MSI owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663456 (the "Mister Softee Logos"). Additionally, MSI owns a federal trademark registration for the overall design of the Mister Softee ice cream truck, registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357 (the "Mister Softee Truck Design").

12. MSI also owns and has registered a sensory mark which consists of the Mister Softee musical jingle at Registration No. 2218017 (the "Mister Softee Sonic Mark"). (Ex. A).

13. MSI also created and uses the marks "Tu-Tone Cone", "Twinkletop Conehead", "Cherry Top Conehead", "Chocolate Top Conehead" and "Devil's Delight Conehead". The term "Conehead" refers to the Mister Softee cartoon logo of an ice cream cone with a smiling face and bow tie. (The Mister Softee Logos, Mister Softee Sonic Mark and Mister Softee Truck Design are collectively referred to as the "Mister Softee Marks").

14. Only authorized licensees are permitted to use MSI's federally registered trademarks, trade dress and proprietary business system.

15. Since 1956, MSI and its franchisees have continuously used and advertised the Mister Softee trademarks, trade names, trade dress and musical jingle throughout the region. MSI's trademarks, trade names,

3

trade dress and musical jingle distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers. MSI first began using its marks and trade dress in 1956 and first registered some of the above marks in 1958. The Mister Softee musical jingle was composed in 1960.

16. The Mister Softee Sonic Mark is famous, as it widely recognized by the general consuming public as the designation of Mister Softee's cream products.

### THE DISTINCTIVE NATURE OF MISTER SOFTEE TRUCKS

17. Mister Softee trucks are inherently distinctive in appearance (the "Mister Softee Truck"). The design and appearance of the Mister Softee Truck is arbitrary and nonfunctional.

18. When Mister Softee enters into a franchise agreement with each new franchisee, Mister Softee requires the new franchisee to operate a truck painted in Mister Softee's blue and white color scheme and displaying Mister Softee's Marks which the franchisees receive as a decal pack including the above-referenced elements. The franchisee must also purchase a music box that plays the Mister Softee Sonic Mark, and use that song exclusively in his truck.

19. Each of these elements makes an authentic Mister Softee Truck unique and distinctly identifiable to the consuming public as a Mister Softee mobile ice cream business.

20. Mister Softee Trucks solicit business by traveling through various neighborhoods and playing the Mister Softee Sonic Mark. Mister Softee's customer base is predominately comprised of young children who identify the Mister Softee Sonic Mark as an indication the ice cream truck is an authorized Mister Softee franchisee.

### THE DEFENDANTS

21. Prior to July 2014, the Infringing Truck was owned by Super Softee Express Corp. which was owned by Dimitrios Tsirkos ("Tsirkos"), a former franchisee of Mister Softee.

22. Tsirkos' franchise agreements were terminated by Mister Softee on February 18, 2014.

23. Tsirkos, however, unlawfully continued to operate the Infringing Truck and his other formerly franchised ice cream trucks under Mister Softee's trademarks.

24. As a result, on March 20, 2014, Mister Softee filed a lawsuit in the United States District Court for the Southern District of New York against Tsirkos alleging, among other causes of action, trademark infringement (Case No. 1:14-CV-1975) (the "Tsirkos Action").

25. On June 5, 2014, the Honorable Laura Taylor Swain entered a preliminary injunction against Tsirkos that, among other things, enjoined Tsirkos from operating retail ice cream trucks that infringe on Mister Softee's trademarks and from operating retail ice cream trucks within five miles of his former territories in Queens and Manhattan (the "Injunction Order").

26. On July 2, 2014, Judge Swain held Tsirkos in contempt because he continued to operate the ice cream trucks in violation of the Injunction Order.

27. On July 11, 2014, Mister Softee filed a second contempt motion against Tsirkos because he was still acting in violation of the Injunction Order.

28. On August 11, 2014, Tsirkos filed an affidavit in which he stated he no longer owned the Infringing Truck because he sold it to 3 DDD Ice Inc. which Tsirkos stated is owned by Defendant Konstantakakos. (Ex. B).

29. On December 12, 2014, as part of the discovery in the Tsirkos matter, Mister Softee deposed Konstantakakos who admitted he owns 3 DDD Ice Inc. and the Infringing Truck.

30. On July 29, 2015, the Gothamist website[1] posted an article that included a video interview with the driver of the Infringing Truck. (Ex. C).

31. The driver states in the interview that he plays the Mister Softee Sonic Mark as he pulls up to the location where he will park the truck and sell the ice cream.

32. In the video, the Infringing Truck drives around playing the Mister Softee Sonic Mark.

33. In the Gothamist video, the Defendants' driver insists that his business is "cutthroat" and that there is often room for only one ice cream truck in a prime location.

34. The Infringing Truck is not a Mister Softee truck and has no license from Mister Softee to use the Mister Softee Sonic Mark.

## COUNT I
Trademark Infringement and Unfair Competition

35. Plaintiffs incorporate the forgoing averments as if fully set forth herein.

---

[1] http://gothamist.com/2015/07/29/nyc_ice_cream_truck_video.php

36. Defendants have utilized and benefited from the Mister Softee Sonic Mark in the operation of their mobile ice cream truck business without Mister Softee's permission and with the knowledge that Mister Softee has not consented to their use of the Mister Softee Sonic Mark.

37. Defendants willfully intended to trade on Mister Softee's reputation and cause dilution of the Mister Softee Sonic Mark.

38. Defendants are liable for trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq. Defendants' use of Mister Softee's Sonic Mark constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to their being affiliated, connected or associated with Mister Softee in violation of 15 U.S.C. § 1117(a) and §1125(a). Defendants' conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

39. Defendants' continued operation of their Infringing Truck also dilutes Mister Softee's famous marks in violation of 15 U.S.C. §1125(c).

40. Defendants' continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that customers are being deceived by Defendants as a result of their selling ice cream and related products from a truck unlawfully identified as a Mister Softee truck by its use of the Mister Softee Sonic Mark; business will be diverted from Mister Softee's authorized franchisees; the goodwill associated with Mister Softee's Sonic Mark will be diluted and taken from Mister Softee's control; and Plaintiffs will lose profits and revenues which, because of Defendants' conduct, cannot be readily calculated. Additionally, because Defendants' Infringing Truck is no longer affiliated with Mister Softee, Mister Softee has no ability to ensure that Defendants are storing and dispensing their ice cream products in compliance with applicable health standards and laws. As a result, customers may become ill if the ice cream is not properly stored and dispensed and the trucks and equipment are not operated in a sanitary manner. Thus, customers will falsely associate inferior or dangerous product with Mister Softee, causing further damage to its goodwill.

41. Mister Softee has no adequate remedy at law because Mister Softee cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mister Softee Sonic Mark as a result of Defendants' conduct.

42. Mister Softee's immediate and irreparable harm will continue unless Defendants are enjoined from continuing to use the Mister Softee Sonic Mark.

43. Upon information and belief, if Defendants is allowed to continue using the Mister Softee Sonic Mark, they will be encouraged to infringe on other Mister Softee Marks in the same manner that is predecessors-in-interest did.

**WHEREFORE**, Mister Softee, Inc. and Mister Softee of Queens, Inc. demand judgment in their favor and against the Defendants Dimitrios Konstantakakos and 3 DDD Ice Inc., jointly and severally, as follows:

a. A preliminary and permanent injunction enjoining Defendants and their agents, employees and any person acting in concert with them from using the Mister Softee Marks or any colorable imitation in any manner whatsoever;

b. An accounting of and judgment for the profits to which Mister Softee may be entitled;

c. Treble damages pursuant to 15 U.S.C. § 1117(b) or statutory damages pursuant to 15 U.S.C. § 1117(c);

d. An order requiring Defendants to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in their possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

e. An order requiring Defendants to cease using and return the music boxes in their possession that play the Mister Softee Sonic Mark to Mister Softee pursuant to 15 U.S.C. §1118.

f. Attorneys' fees;

g. Costs of this action; and

h. Such further relief as this Court deems just and proper.

Respectfully submitted,

Date: August 14, 2015

By:

**TOR EKELAND, P.C.**

Mark H. Jaffe (MJ1725)
Frederic B. Jennings (FJ7723)
195 Plymouth Street
Fifth Floor
Brooklyn, New York 11201-1044
T: 347-515-6849
F: 718-504-5417
Email: mark@torekeland.com

**FISHER ZUCKER LLC** (of counsel)
Jeffrey Zucker
Frank A. Reino
21 South 21st Street
Philadelphia, PA 19103
T: (215) 825-3100
F: (215) 825-3101
Attorneys for Plaintiffs