**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **MISTER SOFTEE, INC. and** | : |
| **MISTER SOFTEE QUEENS, INC.** | : |
| | : |
|     **Plaintiffs,** | : |
| | : |
|  **v.** | : |
| | : **Case No.: 1:15-CV-4770 (SJ) (SMG)** |
| **DIMITRIOS KONSTANTAKAKOS and** | : |
| **3 DDD ICE INC.** | : |
| | : |
|     **Defendants.** | : |
| | : |

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR RECONSIDERATION OF THE MAGISTRATE'S
<u>REPORT AND RECOMMENDATION</u>**

## I.    INTRODUCTION

Plaintiffs Mister Softee, Inc. and Mister Softee of Queens, Inc. (collectively "Mister Softee") submit this Motion for Reconsideration of the Magistrate Judge's Report and Recommendation pursuant to Local Rule 6.2.

Mister Softee respectfully requests that the Court reconsider two of its adjustments of the attorney fees requested by Mister Softee: the reasonableness of the rates and the reasonableness of the time spent. The Court reduced Mr. Zucker's hourly rate from $425 to $325 and reduced Mr. Reino's rate from $365 to $265 because the Court found the matter straightforward, and counsel failed to provide information regarding intellectual property expertise. Docket No. 16 at pp. 11-12. The Court also reduced Mr. Jennings's and Mr. Elewa's rates from $200 to $150. Mister Softee has provided additional information and argument below in support of its position that the rates should not be reduced.

The Court also reduced the time billed by Fisher Zucker LLC by 40 percent and the

time billed by Tor Ekeland P.C. by 15 percent, finding that there were certain vague or unreasonable time entries and because the matter was straightforward. Id. at 12-14. Mister Softee respectfully suggests that the Court disallow the offending entries rather than making a blanket reduction.

## II.     ARGUMENT

### A.     Standard of Review on a Motion for Reconsideration.

A motion for reconsideration will be granted only where the moving party can point to controlling decisions or data that the court overlooked; matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

### B.     The attorneys' rates are reasonable for the nature of this case and the rates charged in this district.

#### 1.     Fisher Zucker LLC

"There is no precise rule or formula for making [attorney's fee award] determinations," Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). The Second Circuit, however, has held the reasonableness of attorney's fees is determined using the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2007); see also Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). When computing the "presumptively reasonable fee," courts in this Circuit analyze the case-specific variables relevant to the reasonableness of the attorney's fees requested. Simmons, 575 F.3d at 172.

Fisher Zucker LLC engages almost exclusively in the international practice of franchise law.  Affidavit of Frank A. Reino ("Reino Aff.") at ¶ 4. Docket No. 15-2 and www.fisherzucker.com. Franchise law requires expertise in intellectual property generally

and trademark law specifically because franchising and trademarks go hand in hand. Without a trademark to license, there is no franchise. And every franchise agreement contains a trademark license. Franchising by definition is the licensing of individuals and entities the right to use the franchisor's trademark and proprietary business system. See FRANCHISE, Black's Law Dictionary (10th ed. 2014). As a result, when someone unlawfully infringes a franchisor's trademark (as in this matter) the franchisor must defend its trademark. The franchisor, as a trademark owner, has an obligation to police the use of its marks under the Lanham Act, which is the federal statute regarding trademarks. See 15 U.S.C. § 1115 et seq. Franchisors also have an obligation to their franchisees to protect them from infringers who free-ride on the franchisors' marks and unfairly compete against the franchisees.

The attorneys for Fisher Zucker indicated they specialize in litigation regarding franchise law. Reino Aff. at ¶ 4. Franchising is the licensing of individuals or entities the right to operate a business using the franchisor's proprietary business system and their trademark. The Federal Trade Commission has issued a rule that requires franchisors to make certain disclosures to potential franchisees before franchisors may offer or sell franchises. This rule is known as the "FTC Franchise Rule". The FTC Franchise Rule defines a "franchise" as follows:

> Franchise means any continuing commercial relationship or arrangement, whatever it may be called, in which the terms of the offer or contract specify, or the franchise seller promises or represents, orally or in writing, that:
>
> (1) The franchisee will obtain the right to operate a business that is identified or associated with the franchisor's trademark, or to offer, sell, or distribute goods, services, or commodities that are identified or associated with the franchisor's trademark;

*   *   *

16 C.F.R. § 436.1 (emphasis added).

Trademarks are thus vital to any franchise system and all attorneys practicing in franchise law should also be fluent in intellectual property, especially trademarks. Furthermore, attorneys with expertise in litigating on behalf of franchisors (as Fisher Zucker LLC's attorneys indicated in support of the attorneys' fees request), must also be proficient in litigating complex trademark issues. Affidavit of Frederic Jennings at ¶ 4 (Docket No. 15). Here, Fisher Zucker LLC's attorneys have expertise in franchise-related litigation, transactions, and disclosure issues. Reino Aff. at ¶ 4.

Given Mr. Zucker's 23 years and Mr. Reino's 13 years of experience as franchise attorneys litigating and advising clients in franchise and trademark matters and disputes, and the following cases, the Plaintiffs respectfully suggest that their requested rates of $425 (Mr. Zucker) and $365 (Mr. Reino) are reasonable for this district. See Microsoft Corp. v. Computer Care Ctr., Inc., 2008 WL 4179653, at *14–15 (E.D.N.Y. Sept.10, 2008) (approving $500 for a partner who had 14 years' experience in intellectual property litigation and $385 for an associate); Entral Group Int'l v. Sun Sports Bar Inc., 2007 WL 2891419, at *10 (E.D.N.Y. Sept.28, 2007) (approving $560 per hour for a partner, $340 to $360 per hour for associates in a copyright infringement action).

This case is related to Mister Softee, Inc. v. Tsirkos from the Southern District of New York (Case No. 1:14-CV-1975-LTS). Compl. at ¶¶ 18-30. In that case the Honorable Laura Taylor Swain recently reviewed the attorneys' fees requested by both firms involved in this matter and approved the rates requested by Plaintiffs as reasonable given the nature of the case (trademark infringement claims) and the experience of the attorneys. See

Exhibit A (Judge Swain's Memorandum Order) at p. 5 (holding that Fisher Zucker's attorneys are "well-qualified for this matter given its long history of representing plaintiffs in franchisor-related matters.").

As a result, Plaintiffs respectfully request this Court reconsider the Report and issue a new Report and Recommendation that finds Mr. Zucker and Mr. Reino are entitled to the rates requested, which are similar to and not as high as some rates charged by attorneys for intellectual property disputes in this jurisdiction.

> ### 2.      Tor Ekeland P.C.

Although the Court noted the rate charged by Mr. Jaffe, a significant discount from his usual rate, is well within the range charged in this district, especially given his trademark experience, the Court still recommended lesser rates for those of his associates (reducing Mr. Jennings' rate from $200 per hour to $150 and Mr. Elewa's rate from $200 per hour to $150).

The Plaintiffs respectfully suggest that the requested rates for Mr. Jennings and Mr. Elewa are reasonable for a trademark case in this district. Courts in this district have held that reasonable hourly rates typically range from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for work done by paralegals or other staff. Roberts v. United Parcel Serv., Inc., No. 13CV6161JBWJO, 2016 WL 1425766, at *2 (E.D.N.Y. Mar. 16, 2016), report and recommendation adopted, No. 13-CV-6161, 2016 WL 1441318 (E.D.N.Y. Apr. 8, 2016). The reasonableness of rates, however, varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys. Siracuse v. Program for the Dev. of Human Potential, No. 07 CV 2205 CLP, 2012 WL 1624291, at *30 (E.D.N.Y. Apr. 30, 2012).

Here, a rate of $200 for Mr. Jennings and Mr. Elewa in a trademark infringement case is reasonable in that the rates are within the rate range for standard cases in this district. Affidavit of Frederic Jennings at ¶ 4 (Docket No. 15). Mr. Jennings and Mr. Elewa already agreed to charge a lesser rate than they usually do because of their involvement as local counsel for Fisher Zucker LLC Mr. Jennings, who is responsible for most of the hours billed by the firm, has worked under the close supervision of Mr. Jaffe and the other partners on trademark matters, and is trusted with sophisticated work generally handled by more senior associates at other law firms. As a result, the Plaintiffs respectfully request the Court to recommend the rates requested of $200 per hour for Mr. Jennings and Mr. Elewa.

**C.      The Plaintiffs respectfully request that the Court disallow the improper time entries instead of making a blanket reduction of 40 percent for Fisher Zucker LLC and 15 percent for Tor Ekeland P.C.**

The Court recommended reducing the hours billed by counsel by 40 percent for Fisher Zucker LLC and 15 percent for Tor Ekeland P.C. The Court explained that it was concerned about certain billing entries not related to providing legal services or that were inconsistent between the two firms. As a result, the Court recommended the above reductions.

The time spent on litigating this matter was not substantial, considering the subject matter. Both firms take special care in making sure the pleadings are complete and precise, especially considering that courts are particularly scrutinizing where a defendant defaults. Fisher Zucker LLC billed 31.2 hours and Tor Ekeland P.C. billed 33.95 hours, for a combined total of 65.15 hours.  The Court's reduction of hours by 40 percent for Fisher Zucker LLC and 15 percent for Tor Ekeland, P.C. results in a total reduction of 47.58 hours

between the two firms (12.48 hours for Fisher Zucker LLC and 5.09 hours for Tor Ekeland, P.C.)

The Court took issue with certain entries related to dealing with media inquiries, drafting the default package around a time when no pleadings where filed, several communications between counsel that were inconsistent or not necessary in the Court's opinion and preparation of witness binders that were not necessary. The items specifically noted by the Court total 9 hours of time compared to the Court's recommended reduction of 48 hours.

As a result of the substantial difference between the actual time for the improper entries (9 hours) and the blanket reduction (48 hours), the Plaintiffs respectfully request that the Court disallow the offending entries rather than make a blanket reduction. The Plaintiffs respectfully suggest that this is a more equitable manner of remedying the offense. As a result, the reduction of hours suggested by Plaintiffs would result in the following:

1.  Mr. Zucker's hours should be reduced from 3.4 to 1.8[1];

2.  Mr. Reino's hours should be reduced from 27.8 to 24.4[2]; and

3.  Mr. Jennings hours should be reduced from 22.37 to 18.25[3].

The Plaintiffs respectfully suggest that disallowing the specific offending entries is a reasonable way to address the Court's concerns while fairly compensating the Plaintiffs for the attorney's fees and costs that they would not have incurred but for the Defendants'

---

[1] Disallowing the entries for media inquiries of 0.4, 0.2 and 1.0.
[2] Disallowing 1.6 hours for several email correspondence entries with local counsel and the default package entry of 1.8 hours on November 20, 2015.
[3] Disallowing 4.125 hours for the time related to the administrative tasks where Mr. Jennings rate was not reduced.

infringing conduct. If the Court follows this reasoning, the final attorney's fees and costs award will be as follows:

> Attorney's fees (Fisher Zucker LLC)
>
> Jeffrey Zucker: 1.8 hours * $425 = $765.00
>
> Frank Reino: 24.4 hours * $265 = $8,906.00
>
> Total (Fisher Zucker LLC): $9,671.00
>
> Attorney's fees (Tor Ekeland)
>
> Mark Jaffe: 7.2 hours * $250 = $1,800.00
>
> Frederic Jennings: 18.25 * $200 = $3,650.00
>
> Adam Elewa: 0.64 * $200 = $128.00
>
> Total (Tor Ekeland P.C.): $5,578.00
>
> Costs
>
> Costs: $679.91
>
> Grand Total: $15,928.91 = ($9,671.00 + $5,578.00 + 679.91).

## V.   **CONCLUSION**

For all of the above reasons, Plaintiffs Mister Softee, Inc. and Mister Softee of Queens, Inc. respectfully request this Court reconsider the Report and modify it as requested by Plaintiffs.

Respectfully submitted,
**TOR EKELAND, P.C.**


Date: July 5, 2016                    By:  */s/Mark H. Jaffe*
                                          Mark H. Jaffe
                                          Frederic Jennings
                                          195 Plymouth Street
                                          Fifth Floor
                                          Brooklyn, New York 11201-1044
                                          T: 347-515-6849
                                          F: 718-504-5417
                                          Email: mark@torekeland.com
                                          Email: fred@torekeland.com


                                          **FISHER ZUCKER LLC** (of counsel)
                                          Jeffrey Zucker
                                          Frank A. Reino
                                          21 South 21st Street
                                          Philadelphia, PA 19103
                                          T: (215) 825-3100
                                          F: (215) 825-3101

                                          Attorneys for Plaintiffs