UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MISTER SOFTEE, INC. and MISTER
SOFTEE OF QUEENS, INC.,

               Plaintiffs,

                                                             15 CV 4770 (SJ) (SMG)

   -against-                                    **ORDER ADOPTING
                                                                REPORT AND
                                                                RECOMMENDATION**

DIMITRIOS KONSTANTAKAKOS and
3 DDD ICE, INC.,

               Defendants.
--------------------------------------------------------X
A P P E A R A N C E S

TOR EKELAND
155 Water Street
Sixth Floor, Suite 2
Brooklyn, NY 11201
By:    Mark Howard Jaffe
         Frederic Beach Jennings V
*Attorneys for Plaintiff*

JOHNSON, United States District Judge:

BACKGROUND

       The instant action was filed by plaintiffs Mister Softee, Inc. and Mister Softee of Queens, Inc. ("Mister Softee" or "Plaintiffs"). Mister Softee owns several registered trademarks, including a jingle which is played by Mister Softee's ice cream trucks (the "Jingle"). According to Plaintiffs' complaint, Defendants

1

operate a competing ice cream truck that uses the Jingle without permission, in violation of the Lanham Act, 15 U.S.C. § 1051 et seq.

Defendants failed to respond to the complaint and on November 4, 2015, Plaintiffs moved for default judgment against them. That motion was referred to Magistrate Steven M. Gold for a Report and Recommendation ("Report"). On June 27, 2016, Judge Gold issued the Report, which recommends (1) that a judgment of default be entered against each defendant, jointly and severally; (2) that a permanent injunction issue against both defendants as well as officers, agents, and employees thereof; (3) the award of $9,546.98 in attorney's fees; and (4) costs, in the amount of $679.91.

The only objection to the Report was filed by Mister Softee. Specifically, Plaintiffs take issue with Judge's Gold reduction of the requested fees. Plaintiffs request $15,249 in attorney's fees from two law firms, representing the work of a total of five lawyers of varying experience, and one member of support staff, a legal intern. All but 3.37 of the 65.15 hours charged have been billed by the attorneys, who seek remuneration between $200 and $425 per hour for their work.

Judge Gold reduced Plaintiffs' fee request. First, the $425 per hour rate charged by Jeffrey Zucker, a managing partner at Fisher Zucker, for 3.4 hours of work was reduced to $325 per hour. Second, the $365 per hour rate charged for 27.8 hours of work by Zucker's co-counsel, Frank Reino, was reduced to $265 per hour. (Report at 11-12.) Judge Gold cited the absence of evidence indicating the

qualifications and experience of the attorneys. (Id.) Third, the hours, totaling 31.2 for Fisher Zucker's work, was also reduced by 40% due to the relatively straightforward nature of the proceedings, the minimal explanations of tasks found in the attorney timesheets, and ambiguous explanations. Fourth, the rates for local counsel, Tor Ekeland, P.C., were also reduced from $200 to $150 per hour for 23.01 hours of work performed by Frederic Jennings and Adam Elewa, two associates admitted to practice law in 2014. Fifth, the rate charged for legal intern Jerry Lambe was reduced from $150 per hour to $100 for 3.37 hours of work. Finally, the fee charged by Tor Ekeland was reduced overall by 15%. In doing so, Judge Gold cited "inappropriately vague" and "improperly billed" entries.

DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within fourteen days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon de novo review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the

report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Judge Gold found that Defendants' conduct constitutes willful infringement. Accordingly, the Court may award fees pursuant to 15. U.S.C. § 1117(a). In this Circuit, a party seeking attorneys' fees is required to submit records adequate to enable the Court to determine whether the fee is reasonable. See generally New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983); see also Central New York Laborers' Health and Welfare, Pensions, Annuity and Training Funds v. Five Star Constr. Servs., Inc., No. 09 CV 509 (GTS)(GJD), 2010 WL 2545151, at *3 (N.D.N.Y. Jun. 18, 2010). "A party seeking an award of attorney's fees bears the burden of documenting 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" Sheet Metal Workers Nat'l Pension Fund v. Skye Sheet Metal, Inc., No. 08 CV 1315 (DRH) (AKT), 2010 WL 3119783, at *9 (E.D.N.Y. Jun. 22, 2010). Then, the Court must determine the reasonableness of the fee, considering, among other factors, the time and labor required, the complexity of the case, awards in similar cases and the experience and reputation of the attorneys. See, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany County Bd. Of Elections, 522 F.3d 182, 183-4 (2d Cir. 2008).

Mattelier v. Apex Creative Int'l Corp., 687 F. Supp. 2d 347, 363 (S.D.N.Y. 2010) (imposing 15% fee reduction where "a large number of hours [were] expended on a relatively straightforward trademark action"); Motorola, Inc. v. Abeckaser, No. 07 CV 3963 (CPS), 2009 WL 2568529, at *6 (E.D.N.Y. Aug. 5, 2009) (reducing fee amount by 15% to account for a reduction in fee for travel time, numerous conference between counsel and billing irregularities).

*Hours Billed*

In this case, the assignment of five attorneys to a simple and uncontested trademark matter is the equivalent of bringing a bazooka to a fistfight. To prevail in the action, Plaintiffs merely had to demonstrate that the Jingle is properly registered with the Patent and Trademark Office, is the property of Mister Softee, and that Defendants' use of the identical mark for an identical product is likely to cause confusion. That three of the five attorneys assigned have been practicing for nine or more years buttresses this Court's conclusion that less time could have been spent on this action. This Court has conducted a de novo review of the submissions before Judge Gold, and concurs with him that the time sheets are vague, conclusory, and fail to support the amount of total hours billed, more so for the two partners at Fisher Zucker than the partner and associates at Tor Ekeland. Therefore, those reductions are hereby adopted.

*Rates Charged*

Turning to the rates charged, the Court herein considers relevant the time and labor required, the novelty (or in this case lack of novelty) of the legal questions presented, the level of skill required, the amount involved in this case and the results obtained, and the experience of the attorneys. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2007). For reasons already stated, this was an uncomplicated action that required little (if any) trademark expertise. The Court finds it significant that the demand for damages was dropped between the filing of the complaint and the motion for attorney's fees. The result obtained for the clients was the issuance of a permanent injunction which is a remedy for future violations, and no remedy for the past violations. Therefore, this Court agrees that the hourly rates of $250, $265 and $325 are reasonable under these circumstances for the three senior attorneys and that $150 is reasonable for the attorneys admitted to practice in 2014.

## CONCLUSION

For the foregoing reasons, the Report is adopted in full. Plaintiffs are entitled to the entry of default judgment against each defendant, jointly and severally and the entry of a permanent injunction prohibiting defendants and their officers, agents, servants, employees, and any persons, firms, or corporations acting

in concert with them from using the Mister Softee Jingle. Plaintiffs are also entitled to $9,546.98 in attorney's fees and $679.91 in costs, for a total of $10,226.89. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: August 11, 2016  _____/s/_____
Brooklyn, New York  Sterling Johnson, Jr., U.S.D.J.